# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 24-1848V
### Filed: February 6, 2025

---

DAVID SHMOEL,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

Special Master Horner

---

*Alison Haskins, Siri & Glimstad, LLP, Aventura, FL, for petitioner*
*Andrew Donald Downing, Downing, Allison, & Jorgenson, Phoenix, AZ, former counsel for petitioner.*
*Eleanor Hanson, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

      On November 12, 2024, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2]  (ECF No. 1.)  Petitioner alleged that he suffered thyroiditis resulting from a pneumococcal conjugate vaccination of January 11, 2023.  (*Id.*)  On January 16, 2025, petitioner's current counsel, Ms. Haskins, was substituted as counsel of record in place of petitioner's initial counsel, Mr. Downing.  (ECF No. 11.)

      In anticipation of his withdrawal from the case, Mr. Downing filed a motion for an award of interim attorneys' fees and costs.  (ECF No. 9.)  Mr. Downing seeks a total of

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

$17,079.26 for interim attorneys' fees and costs, including $16,366.00 in attorneys' fees[3] and $713.26 for costs.  (ECF No. 9-1, pp. 9-10.)  Respondent filed his response to the motion on January 14, 2025.  (ECF No. 10.)  Respondent asserts that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  (*Id.* at 1.)  Respondent defers to the special master with respect to both the appropriateness and reasonable amount of any award of interim attorneys' fees and costs.  (*Id.* at 2, 4.)  No reply was filed.

For the reasons discussed below, petitioner's motion is GRANTED, and interim attorneys' fees and costs are awarded in the requested amount.

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and . . . other costs."  § 300aa-15(e)(1)(A)-(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  In this case, I conclude that this case was filed in good faith and with a reasonable basis.  Although expert reports have not been filed in this case to date, petitioner's motion highlights instances in petitioner's medical records where his treating physician attributed his thyroiditis to his pneumococcal vaccination.  Petitioner also cites online literature associating thyroiditis with pneumonia.  (ECF No. 9, n.1.)  While this case could potentially lose its reasonable basis depending on subsequent expert involvement, this is a sufficient showing at this early stage to confirm there was a reasonable basis for initially filing the petition, especially given respondent's lack of opposition on this point.

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1374-75 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352.  In *Avera*, the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  515 F.3d at 1352.  In *Shaw*, the Federal Circuit clarified that, "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375.  The fact that an attorney is withdrawing may be a circumstance that warrants an interim award, but it is not necessarily so.  *Compare Wood v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148 (2012), *with McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297 (2011).  Here, I exercise my discretion to award interim attorneys' fees and costs in light of counsel's departure from the case.  While I do not find specifics of counsel's future endeavor to be germane, I do give weight to the fact that former

---

[3] Work was performed at the following hourly rates:

- Mr. Downing: $485 for work performed in 2024 and 2025.
- Ms. Allison: $435 for work performed in 2024.
- Paralegals Avery, Malvick, Perez: $175 for work performed in 2024 and 2025.

(ECF No. 9-1, pp. 1-9.)

counsel is entirely winding down his practice, a process that will depend on resolution of his firm's outstanding receivables.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1347. It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). However, "[t]he failure of respondent to identify with particularity any objection to a request for attorney's fees and costs may be taken into consideration by the special master in the decision." Vaccine Rule 13(a)(3). Special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 485 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Such applications should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

The undersigned has reviewed the attorney billing records submitted with petitioner's request. (ECF No. 9-1.) I do not see any reason to reduce the hourly rates requested or the hours billed. *See Cracraft v. Sec'y of Health & Human Servs.*, No. 20-0562V, 2024 WL 2992939 (Fed. Cl. Spec. Mstr. May 9, 2024). I have also reviewed the requested costs and find them to be reasonable and sufficiently documented. (ECF No. 9-1.)

**Accordingly, the petitioner is awarded interim attorneys' fees and costs in the total amount of $17,079.26, to be paid through an ACH deposit to petitioner's former counsel, Mr. Andrew D. Downing's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.