# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-1848V**
**Filed: April 21, 2026**

|  |  |
|---|---|
| DAVID SHMOEL,<br><br>          Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>          Respondent. | Special Master Horner |

*Alison Haskins, Siri & Glimstad, LLP, Aventura, FL, for petitioner.*
*Eleanor Hanson, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION[1]

On November 12, 2024, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act"),[2] alleging that he suffered thyroiditis as a result of a pneumococcal conjugate vaccine (15-valent) administered on January 11, 2023.  (ECF No. 1.)

## I.    Procedural History

Between December of 2024 and June of 2025, petitioner filed medical records and other supporting records marked as Exhibits 1-14.  (ECF Nos. 6, 22.)  On August 5, 2025, respondent filed his Rule 4(c) report, recommending against compensation.  (ECF No. 26.)  Respondent questioned, as a threshold matter, whether petitioner could preponderantly demonstrate the statutory severity requirement and further argued that

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

petitioner had not demonstrated causation-in-fact.  (*Id.* at 8-12.)  Thereafter, petitioner filed additional medical records.  (ECF Nos. 29, 31; Exs. 16-17.)

On October 15, 2025, the undersigned directed petitioner to file an expert report supporting his claim.  (Non-PDF Scheduling Order, filed Oct. 15, 2025.)  On February 13, 2026, petitioner's counsel filed a motion for extension of time regarding petitioner's pending deadline to file an expert report.  (ECF No. 32.)  However, in the motion, petitioner's counsel indicated that "Petitioner and undersigned counsel have had irreconcilable differences pertaining to case strategy" and, as a result, "undersigned counsel plans to withdraw as attorney of record in this case." (*Id.* at 1.)  On February 17, 2026, the undersigned issued an order granting petitioner's motion and suspending petitioner's deadline to file an expert report until further order to provide petitioner the opportunity to seek alternative counsel.  (ECF No. 33, p. 1.)  The undersigned indicated that after resolving petitioner's current counsel's anticipated motion to withdraw, petitioner's deadline to file an expert report would be reset.  (*Id.* at 2.)  Moreover, the undersigned advised that "[a]bsent presentation of an expert report to support this claim, the undersigned will likely issue an order to show cause why this case should not be dismissed for insufficient proof based on the currently existing record."  (*Id.*)

Ultimately, on April 20, 2026, petitioner filed a motion for a decision dismissing his petition.  (ECF No. 35.)  In his motion, petitioner indicates that after conducting an investigation of the available objective evidence and science supporting his claim and reviewing the undersigned's discussion provided in the February 17, 2026 order at ECF No. 33, petitioner has determined "it is unlikely he will be able to prove entitlement to compensation in the Vaccine Injury Compensation Program."  (*Id.* at 1.)  Accordingly, petitioner believes that proceeding further "would be unreasonable."  (*Id.*)  Petitioner further states that he "understands that a decision by the Special Master dismissing his case will result in a judgment against him" and that "[h]e has been advised that such a judgment will end all of his rights in the Vaccine Program."  (*Id.*)

## II.    Discussion

To receive compensation in the Vaccine Program, petitioner must prove either (1) that he suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that he suffered an injury that was actually caused by a covered vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  To satisfy his burden of proving causation-in-fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on his allegations unsubstantiated by medical records or medical opinion.

No "Table Injury" was alleged in this case, nor was there sufficient evidence in the record to support such an allegation.  Additionally, the record does not contain preponderant evidence that the alleged injuries were caused-in-fact by the pneumococcal conjugate vaccination at issue.

Pursuant to Vaccine Rule 21(b)(1), "[t]he special master or the court may dismiss a petition or any claim therein at the petitioner's request on terms that the special master or the court considers proper by issuance of a decision pursuant to 42 U.S.C. § 300aa-12(d)(3)."  Accordingly, the undersigned **GRANTS** petitioner's Motion for a Decision Dismissing Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

### III.    Conclusion

This case is now **DISMISSED**.  The clerk of the court is directed to enter judgment in accordance with this decision.[3]


**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.